Jacquelyn H. BOGGS, Plaintiff–
Appellant,

v.

Michael J. ASTRUE, Commissioner
of Social Security, Defendant–
Appellee.

No. 06–16454.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2008.

Filed July 17, 2008.

Bess M. Brewer, Law Offices of Bess M. Brewer & Associates, Sacramento, CA, for Plaintiff–Appellant.

Dennis J. Hanna, Social Security Administration, Office of the General Counsel, Katherine R. Loo, San Francisco, CA, for Defendant–Appellee.

Before: O'SCANNLAIN and HAWKINS, Circuit Judges, and SELNA,* District Judge.

MEMORANDUM **

Jacquelyn Boggs appeals the district court's decision affirming the Commissioner of Social Security's denial of her application for disability insurance benefits on

* The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the basis that she retains the capacity to perform work that exists in substantial numbers in the national economy. As the parties are familiar with the underlying facts, they will not be repeated here.

Boggs argues that the Administrative Law Judge's ("ALJ") finding that she can work as an office helper or a mail sorter is inconsistent with the Vocational Expert's ("VE") testimony. The VE referenced both of these positions; however, during the course of her testimony, the VE eliminated such positions based on the limitations ultimately adopted by the ALJ.

■ The ALJ found that Boggs is limited to "dealing with things rather than people." He further indicated that the VE should eliminate all jobs that involve telephone interactions. The VE's description of the office helper position clearly indicates that it involves working with people. The VE also explained that an office helper "might have to fill in at the phone." Similarly, the VE stated that a person limited only to occasional bending and stooping would be unable to work as a mail sorter. In his final assessment, the ALJ specifically included a stooping and crouching (and therefore bending) limitation. *See* Social Security Ruling 83–14. Thus, we conclude the ALJ's findings that Boggs can work as an office helper and a mail sorter are not supported by substantial evidence.

■ Further, we credit the VE's testimony and remand for the immediate payment of benefits. There is no basis in the record for doubting the VE's testimony; indeed, the ALJ credited such evidence. And, based on the limitations ultimately adopted by the ALJ, the VE eliminated all medium-duty, light-duty, and sedentary jobs. Thus, such evidence not only establishes that the Commissioner failed to meet his burden at step five of establishing that Boggs is capable of performing sub-

stantially gainful work that exists in the national economy, *see Osenbrock v. Apfel,* 240 F.3d 1157, 1162 (9th Cir.2001), it also establishes that Boggs is disabled and therefore entitled to benefits, *see Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004) ("[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the ... court should remand for an immediate award of benefits."). Because we conclude Boggs is entitled to payment of benefits, we do not address her remaining arguments.

**REVERSED AND REMANDED FOR IMMEDIATE PAYMENT OF BENEFITS.**